IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NOEL I. REYES-MUÑOZ; OLGA I. RAMOS CARRASQUILLO.<br><br>Plaintiffs<br><br>Vs.<br><br>PUERTO RICO AQUEDUCT AND SEWER AUTHORITY; ENVIRONMENTAL PROTECTION AGENCY<br><br>Defendants | CIVIL NO.:  3:19-cv-2131<br><br>VIOLATIONS OF CLEAN WATER ACT NEGLIGENCE; RIPARIAN RIGHTS |

## COMPLAINT

**TO THE HONORABLE COURT:**

NOW COMES, the Plaintiffs, through its undersigned counsel and very respectfully, PRAY STATE AND ALLEGE:

1. Plaintiffs are citizens of the Commonwealth of Puerto Rico and residents of Urb. La Serranía, 420 Calle Miramelinda, Caguas, Puerto Rico 00725.

2. Plaintiffs also own a second property located at Villa Guanime Street, PR Road 172, Km 12 Hm 0, Bo. Bayamón, Cidra, Puerto Rico.

3. Defendant PRASA is a public corporation created under the Laws of Puerto Rico, 22 LPRA §§ 141, et seq., as amended, and administers sewer system of Puerto Rico. PRASA is a "municipality" pursuant to Section 502 of the CWA, 33 U.S.C. § 1362.

4. Defendant Environmental Protection Agency is an agency of the United States in charge of prosecuting the laws of the United States and, more specifically, the Clean Water Act.

5. The United States District Court has jurisdiction over these actions under the provisions of FWPCA § 505(a)(1), 33 U.S.C. §1365(a)(1) and pursuant to 28 U.S.C. §1331. The Court's original

jurisdiction is invoked because the claims asserted are founded upon the existence of federal questions arising under laws of the United States. 28 U.S.C. § 1331.

6. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the other state claims pleaded because they are related to the federal claims and form part of the same case or controversy under Article III of the United States Constitution. Supplemental state law claims for damages under Commonwealth state law causes of actions, including negligence, and nuisance.

7. The Clean Water Act, 33 U.S.C. § 1365, et seq., requires that a citizen give notice of their claims to any person, including the United States, and or any other governmental entity sixty (60) days before bringing suit against the alleged violator. See 33 U.S.C. §1365(a)(1), (b)(1)(A).

8. On August 19, 2019, Plaintiff Noel Reyes Muñoz, gave the defendant Puerto Rico Aqueduct and Sewer Authority ("PRASA"), the notice required by the Clean Water Act (hereinafter "Notice"). See, Ex. No. 1 attached to this complaint.

9. On August 19, 2019, Plaintiff Noel Reyes Muñoz, gave defendant Environmental Protection Agency ("EPA"), and through Andrew R. Wheeler, Acting Administrator U. S. Environmental Protection Agency ("EPA"), the Hon. Matthew G. Whitaker, Acting Attorney General, and Peter D. Lopez, Regional Administrator of the EPA, among others, the Notice required under the Clean Water Act. See, Ex. No. 1 attached to this complaint, hereinafter, the Notice.

10. The Notice included sufficient information to permit the PRASA and the EPA to identify the activity alleged to constitute a violation, as the parties responsible for the alleged violation, by using specific Global Positioning Satellite ("GPS") coordinates of the alleged violation, the date or dates of such violation, and the names of the person giving notice, and the place of the violation.

11. Plaintiff's Notice sent sufficient information to permit the PRASA to identify the activity alleged to constitute a violation, the address, the GPS coordinate of the alleged violation, the date or dates of such violation, and the full name, address of the persons giving notice. See, Ex. No. 1.

12. More specifically, notice was given to the PRASA that on several dates, the following sewage manhole was overflowing with raw sewage, onto the land adjacent to plaintiff's property and into the Cidra Lake, also adjacent to plaintiff's property. The GPS location provided of the location of the Manhole was 18.1781955, -66.15260600. The coordinates are next to plaintiff's property at Villa Guanime Street, PR Road 172, Km 12 Hm 0, Bo. Bayamón, Cidra, Puerto Rico.

13. The Notice informed the PRASA and the EPA that the sewages discharges described in the immediately preceding paragraph occurred on the following dates: February 12, 14, 2019; March 28, 2019; May 14, 2019; June 10, 14, 2019; August 2, 2019. See Ex. No. 1.

14. After the Notice was sent to the defendant, new sewage spills have occurred. The violations are ongoing as of the day of filing of the present Complaint.

15. The information provided in the NOTICE provided the information necessary to give a clear indication of the citizens' intent. The specificity, through GPS coordinates was reasonable and form should not prevail over the substance of the information.

16. The sewage manhole located in the vicinity of on the GPS coordinates at 18.1781955, -66.15260600, are discernible and discrete conveyances, from which pollutants are or may be discharged.

17. As a result of the sewage discharges described in this complaint and in Plaintiffs' Notice, the Plaintiffs have suffered an injury in fact, namely, loss of value of their property where the sewage spills occur. Such injury is a legally-protected interest and a concrete and particularized, not conjectural nor hypothetical injury.

18. The injury to the plaintiff is that whenever raw sewage is dumped in the land adjacent to plaintiffs' home near the coordinates quoted in this letter and expose plaintiffs and the residents occupying plaintiffs' property, foul odors and other health threats to the residents of the property.

19.     As a result of the spills, plaintiffs cannot benefit from the property for its value without the presence of the sewage spills.

20.     Furthermore, Plaintiffs have suffered irreparable loss to their property since they cannot derive benefits from the property at the value it would have, absent the nuisance.

21.     Furthermore, Plaintiffs' property, without the sewage spills, has aesthetic and recreational value, and the dumping of sewage into Cidra lake continue lessens property values by dumping raw sewage into the lake and its shore near Plaintiffs' property.

22.     Plaintiffs' property is adjacent to the sewage spills and the lake and is immediately affected by the dumping of raw sewage into the land and the lake.

23.     As a result, Plaintiffs' future life will be less enjoyable, knowing that they cannot enjoy or make profitable use of their property.

24.     Plaintiffs' injuries are fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the Court. Defendant PRASA's dumping and spillages of sewage, and the prosecutorial omissions of the EPA, adversely affect Plaintiffs and causes or contribute to the kinds of injuries alleged by the plaintiffs.

25.     Defendant's dumping of sewage into the lake are actions causing injuries that will be. redressed by a favorable decision of this Court or 'fixed' through a remedy the law provides. Plaintiffs' injuries fall within the "zone of interests" that the statute was designed to protect. Plaintiffs' interests "share a 'plausible relationship' to the policies underlying" the statute.

26.     Raw Sewage spilling from plaintiff's in the vicinity plaintiffs' property into Cidra law stemming from PRASA's sewers are a "Pollutant" as broadly defined in CWA § 502 as sewage. 33 U.S.C. § 1362(6).

27. The sewers and sanitary registers are described in this complaint are discernible, discrete conveyances from which the raw sewage pollutant is discharged into the Cidra Lake and next to his property.

28. The PRASA does not have a permit that allows it to dump non-stormwater discharges into the storm sewers and dumping the sewage into the Cidra Lake.

29. The 2015 consent decree between the PRASA and the United States Environmental Protection Agency, under which PRASA has to monitor the point source discharges and to take steps to remediate them, (hereinafter "the 2015 consent decree") does not mention the specific discharge of sewage mentioned through GPS coordinates in this complaint and in Plaintiff's 60 day letter. Simply put, **the 2015 decree has not specifically addressed the concerns of this suit.**

30. The 2015 Consent Decree between PRASA and the EPA does not speak of the alleged violations and the subject action specifically raised in this complaint.

31. Even so, PRASA or the EPA offered plaintiff no response to their 60-day letter, and offered no evidence that the EPA was diligently prosecuting any action addressing the specific violations raised in the 60-day letter, and the EPA is therefore not diligently prosecuting any action against PRASA with respect to the specific discharges raised in this complaint.

32. In addition to PRASA's dumping of sewage, plaintiff gave notice to the EPA of the violations of illegal sewage discharges and the EPA did not comply with its duty to commence enforcement actions under 33 USC 1319(a)(1), in spite of knowing of the violations described in this letter.  See, Ex. No. 1

33. Plaintiffs' have been periodically requesting the EPA to prosecute the sewage spills since 2015.  See, Exhibit 1.

34. The EPA informed Plaintiff in August of 2018, that it was not the EPA's problem and that there was no law to enforce any action against PRASA for the sewage spill.  There was no further EPA action nor response thereafter.

35. The EPA is failing to diligently prosecute any decree that might otherwise apply to the violations described in this letter.

36. The violations of sewage discharges are ongoing, and several have occurred again after the sixty-day letter was sent to the defendant PRASA.

## OTHER CAUSES OF ACTION

### State law nuisance

37. Plaintiffs reasserts all previously alleged averments of this complaint as part of this causes of action for nuisance.

38. Plaintiffs' property is injuriously affected by the PRASA raw sewage spills land and lake near their property. Plaintiffs seeks an abatement of said nuisance and the damages caused by said nuisance, including her lack of enjoyment of their property.

39. Defendant PRASA has a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm to plaintiffs' property and life. The rights of a property owner such as Plaintiff include the right to use and enjoy their property for whatever reasons.

40. The PRASA has breached its duty to the Plaintiffs to prevent sewage spills into the areas near her property and into her neighborhood.

41. The illegal sewage spills, resulting from the PRASA's breach and the EPA's omission of it prosecutorial duties, are the cause for the injuries to plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that the Honorable Court GRANT the following relief:

A. Injunctive relief, including a restorative injunction, taking into account a comprehensive evaluation of the environmental factors involved and the practicalities of the situation, based

on the factual record. Plaintiff demands that defendant be enjoined from continuing any discharges of pollutant into the creek at the locations specified in his 60-day letter.

B. Civil penalties to be assessed as a matter of law. 33 U.S.C. § 1319(d).

C. Damages, including compensatory damages, damages to the person include inconvenience, unhappiness, and annoyance caused by the Defendant's actions. Such damages are to be determined by the enlightened conscience of the jury. Said damages include those that continue to occur during the pendency of the case and are estimated at $200,000.00

D. Reasonable attorney and expert witness fees to plaintiff as a prevailing party or a substantially prevailing party, whenever the court determines such award is appropriate. See 33 U.S.C. § 1365(d).

E. Punitive damages at an amount no less than $1,000,000.00 given defendant PRASA's willful and conscious indifference to consequences of their environmental destruction.

F. Any other and further legal and/or equitable relief to which Plaintiffs might be entitled at law or which this Court deems proper.

## JURY DEMAND

Plaintiffs, hereby demand a trial by jury on all claims so able to be tried.

In San Juan, Puerto Rico, this 13th date of December 2019.

s/Edelmiro Salas González
Edelmiro A. Salas González
USDC 218004
1072 Calle 17, Urb. Villa Nevarez
San Juan, Puerto Rico 00927
Tel. (787) 376-4659
Fax. 1-866-583-2843
esalas@me.com