IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NOEL I. REYES-MUÑOZ; OLGA I. RAMOS-CARRASQUILLO<br><br>Plaintiffs,<br><br>v.<br><br>PUERTO RICO AQUEDUCT AND SEWER AUTHORITY, ET AL.,<br><br>Defendants | CIV. NO.: 19-2131 (SCC) |

**OPINION AND ORDER**

The Puerto Rico Aqueduct and Sewer Authority ("Defendant PRASA") has moved the Court to set aside the entry of default at Docket Number 40 ("Motion to Set Aside"). *See* Docket No. 41. For the reasons set forth below, Defendant PRASA's request is GRANTED, and the entry of default is VACATED.

**I.    Background**

In view of Defendant PRASA's failure to file an answer to Plaintiffs' complaint after the Court denied Defendant

PRASA's motion to dismiss, *see* Docket No. 35, Plaintiffs sought an order from this Court to set a deadline for Defendant PRASA to file its answer or enter a default ruling pursuant to Federal Rule of Civil Procedure 55(a). *See* Docket No. 36. The Court entered an order directing Defendant PRASA to file its answer to the complaint by October 12, 2021. *See* Docket No. 37. However, as Plaintiffs point out, that "deadline came and went" and yet the record remained devoid of Defendant PRASA's answer to the complaint or a request for additional time to file the same. Plaintiffs subsequently moved for the entry of default. *See* Docket No. 38. The Court granted that request, *see* Docket No. 39, and the Clerk entered default against Defendant PRASA on November 1, 2021, *see* Docket No. 40.

On November 30, 2021, Carlos R. Ramírez-Isern ("Attorney Ramírez-Isern"), Counsel for Defendant PRASA, filed the Motion to Set Aside. *See* Docket No. 41. Attached to that motion, Defendant PRASA included its answer to the

| | |
|---|---|
| REYES-MUÑOZ, ET AL, v. PRASA, ET AL. | Page 3 |

complaint. *See* Docket No. 41-1.[1]

**II.   Analysis**

Federal Rule of Civil Procedure 55(c) is the Court's starting point, for that rule instructs that "[t]he [C]ourt may set aside an entry of default for good cause[.]" FED. R. CIV. P. 55(c).[2] The "good cause" standard is one that the Court applies in a liberal manner. *U.S. v. $23,000 in U.S. Currency*, 356 F.3d 157, 164 (1st Cir. 2004). And Because there is no magic formula that allows the Court to establish what falls under the purview of Rule 55(c)'s "good cause" standard, the Court can consider a handful of factors. *See Indigo Am., Inc. v. Big Impressions, LLC,* 597 F.3d 1, 3 (1st Cir. 2010) (explaining that "[t]here is no mechanical formula for determining

---

[1] Defendant PRASA also filed its answer to the complaint as a separate docket entry. *See* Docket No. 42.

[2] The Court notes that Defendant PRASA's motion erroneously invokes Federal Rule of Civil Procedure 60(b) which corresponds to the setting aside of a final judgment by default. *See U.S. v. $23,000 in U.S. Currency,* 356 F.3d 157, 164 (1st Cir. 2004). No such judgment has been entered in this case. Defendant PRASA's reliance on Rule 60(b) is misplaced.

| REYES-MUÑOZ, ET AL, v. PRASA, ET AL. | Page 4 |
|---|---|

whether good cause exists and courts may consider a host of relevant factors."). Those factors include, but are not limited to the following:

> (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the timing of the motion [to set aside entry of default].

*See KPS & Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003).

According to Attorney Ramírez-Isern, default against Defendant PRASA was entered because he "was not notified directly as counsel of record" of Plaintiffs' motion for entry of default and was out of the office due to personal commitments between October 15, 2021 and October 31, 2021. Docket No. 41 at ¶¶ 1-2. Further, even when he returned to the office, he was still not "directly notified" of Plaintiffs' motion moving for the entry of default. *Id.* at ¶ 2.

A review of the record indicates that Attorney Ramírez-Isern signed the special notice of appearance and request of extension filed by A.J. Bennazar-Zequeira ("Attorney Bennazar-Zequeira") on behalf of Defendant PRASA. *See* Docket No. 33. However, due to a clerical error, only Attorney Bennazar-Zequeira appeared as attorney of record as far as Court electronic notifications were concerned. Notwithstanding that clerical error, the record reflects that Attorney Bennazar-Zequeira and Attorney Ramírez-Isern work at the same law firm. As such, it would be reasonable for the Court to infer that as co-counsel for Defendant PRASA, they should be communicating about pending matters in this case. It appears that such has not been the case. But having clarified that Attorney Ramírez-Isern will now receive electronic notifications in this matter, the Court turns to the factors which cut in favor of granting Defendant PRASA's Motion to Set Aside.

Here, there are no signs that Plaintiffs would be prejudiced, for in this context, prejudice arises due to "loss of

evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion." *FDIC v. Francisco Inv. Corp.*, 873 F.2d 474, 479 (1st Cir. 1989). And in this case, such concerns have not been brought before the Court. Additionally, the default does not appear to have been willful. Prior to the notification mishaps, Defendant PRASA had been diligently prosecuting this case, it filed a motion to dismiss, *see* Docket No. 11, and promptly notified the Court as to the changes regarding its legal representation, *see* Docket No. 33. No bad faith is apparent. And by attaching the answer to the complaint to its Motion to Set Aside, Defendant PRASA indicates that it is committed to litigating this case. Taking all these elements into consideration, the same tip the scale in Defendant PRASA's favor.

### III. Conclusion

In light of the above and in keeping "with the philosophy that actions should ordinarily be resolved on their merits," *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989), the Court **GRANTS** Defendant PRASA's Motion to Set Aside at Docket

Number 41 and **VACATES** the entry of default at Docket Number 40.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of December 2021.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE