UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| NATALIA CEBOLLERO-BERTRAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PUERTO RICO AQUEDUCT AND SEWER )<br>AUTHORITY, )<br>)<br>Defendant. )   | No. 3:19-cv-01412-JAW |
| NOEL I. REYES-MUÑOZ, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PUERTO RICO AQUEDUCT AND SEWER )<br>AUTHORITY, et al., )<br>)<br>Defendant. )  | No. 3:19-cv-02131-JAW |

**ORDER ON MOTION TO CONSOLIDATE**

Plaintiffs in two long-running lawsuits under the federal Clean Water Act request consolidation of their cases in light of the common defendant and shared questions of law. The defendant, the water authority for the commonwealth of Puerto Rico, opposes consolidation by asserting that each case has different underlying facts. Based on common questions of law, representation by the same attorneys, anticipated presentation of similar, though not identical, facts, the apparent similarity of expert witnesses, and interests of convenience and judicial economy, the court concludes consolidation of the two cases is prudent and grants the motion to consolidate.

I.  **BACKGROUND**

   A.  **Procedural History of *Cebollero-Bertran v. PRASA*, No. 3:19-cv-01412-JAW**

On April 29, 2019, Natalia Cebollero-Bertran filed a complaint against the Puerto Rico Aqueduct and Sewer Authority (PRASA), bringing a citizen suit for violations of the federal Clean Water Act (CWA) pursuant to 33 U.S.C. § 1365(a)(1), as well as related state law claims for nuisance, negligence, and violations of her riparian rights.[1] *Compl.* (ECF No. 1) (*Cebollero-Bertran*, *Compl.*).  On June 20, 2019, PRASA filed a motion to dismiss for lack of jurisdiction and failure to state a claim, which then Chief Judge Gustavo Gelpí of the District of Puerto Rico granted on December 12, 2019.  *Def.'s Mot. to Dismiss* (ECF No. 10); *Op. and Order* (ECF No. 14). However, on January 8, 2020, Plaintiff appealed the dismissal to the First Circuit Court of Appeals, *Not. of Appeal* (ECF No. 16), and on July 1, 2021, the First Circuit vacated the order and remanded the case back to this Court for further proceedings consistent with their ruling.  *J.* (ECF No. 20); *see also Mandate* (ECF No. 22).

On September 27, 2021, PRASA answered the complaint.  *Answer to Compl.* (ECF No. 38).  PRASA then filed a motion for summary judgment on November 28, 2022.  *PRASA's Mot. for Summ. J.* (ECF No. 43).  On February 23, 2023, the Plaintiff responded in opposition to the motion for summary judgment.  *Pl.'s Consolidated Opp'n to Mot. for Summ. J.* (ECF No. 52).  PRASA replied on March 29, 2023.

---

[1]    While the Plaintiff includes negligence in the heading of her complaint, she does not allege facts specifically relating to negligence, nor does she raise her negligence claim in the "Other Causes of Action" section of her complaint.  *See Cebollero-Bertran, Compl.* at 1, 6-7.
    For the purposes of the motion for consolidation, the Court does not reach a conclusion on whether her negligence claim has been sufficiently pleaded, but merely notes the legal theories she recites to determine whether the two cases present common questions of law.

2

*PRASA's Reply to Pl.'s Opp'n to Summ. J.* (ECF No. 56). On April 17, 2023, the Court referred the summary judgment motion to the Magistrate Judge. *Order Referring Mots.* (ECF No. 58). The Plaintiff filed an additional motion requesting leave to file a sur-reply, which the Magistrate Judge granted on May 1, 2023 and ordered the sur-reply entered on the docket. *Mot. Seeking Leave to File Sur[-]Reply* (ECF No. 61); *Order* (ECF No. 62). On September 15, 2023, the Magistrate Judge denied without prejudice PRASA's motion for summary judgment. *Order* (ECF No. 76).

After proceeding with the discovery process, PRASA filed another motion for summary judgment on May 31, 2024. *Mot. for Summ. J.* (ECF No. 118) (*Cebollero-Bertran, Def.'s Summ. J. Mot.*). Ms. Cebollero-Bertran responded in opposition on June 21, 2024. *Pl.'s Consolidated Opp'n to Mot. for Summ. J.* (ECF No. 127) (*Cebollero-Bertran, Pl.'s Opp'n to Summ. J. Mot.*). PRASA replied on July 10, 2024. *Reply to Pl.'s Opp'n to PRASA's Mot. for Summ. J.* (ECF No. 135) (*Cebollero-Bertran, Def.'s Summ. J. Reply*). After seeking and being granted leave to file a sur-reply, *Mot. Seeking Leave to File Sur[-]Reply* (ECF No. 140); *Order* (ECF No. 141), the Plaintiff filed her sur-reply on July 22, 2024. *Pl.'s Sur[-]Reply to PRASA's Reply to Pl.'s Consolidated Opp'n to Mot. for Summ. J.* (ECF No. 148) (*Cebollero-Bertran, Pl.'s Summ. J. Sur-reply.*).

Separately, the Magistrate Judge held a pre-trial conference on July 19, 2024, at which she ordered the parties to brief whether claims under the CWA include a right to jury trial. *Min. Entry* (ECF No. 146). On July 23, 2024, PRASA filed a motion requesting the Court deny the Plaintiff's request for a jury trial. *Mot. in Compliance*

3

*with Order* (ECF No. 150) (*Cebollero-Bertran, Def.'s Mot. in Opp'n to Jury Trial*). On July 29, 2024, the Plaintiff responded by filing her own motion, asserting her right to a jury trial. *Mot. in Compliance with Order and Brief in Support of Right to Jury Trial* (ECF No. 154) (*Cebollero-Bertran, Pl.'s Mot. for Jury Trial*).

PRASA also filed a motion in limine on August 2, 2024 seeking to exclude the anticipated testimony of certain expert and fact witnesses, as well as documentary evidence, and further requesting the Court dismiss the case for lack of standing. *Mot. in Lim. to Exclude Evid. and Args. Relating to Pl.'s Lack of Standing* (ECF No. 156) (*Cebollero-Bertran, Def.'s Mot. in Lim.*). Ms. Cebollero-Bertran responded on August 19, 2024, opposing PRASA's requests for dismissal based on lack of standing and for exclusion of evidence, and moving in her own right to exclude the proposed testimony from one of PRASA's experts. *Pl.'s Reply in Opp'n to PRASA's Mot. in Lim. to Exclude Evid. and Args. Relating to Pl.'s Lack of Standing, Pl.'s Mot. in Limine to Exclude PRASA's Evid.* (ECF No. 174) (*Cebollero-Bertran, Pl.'s Mot. in Lim.*).

### B. Procedural History of *Reyes-Muñoz v. PRASA*, No. 3:19-cv-02131-JAW

On December 13, 2019, Noel Reyes-Muñoz and Olga Ramos-Carrasquillo filed a complaint against PRASA and the federal Environmental Protection Agency (EPA) pursuant to 33 U.S.C. § 1365(a)(1), alleging violations of the CWA and state law nuisance, negligence, and riparian rights.[2] *Compl.* (ECF No. 1) (*Reyes-Muñoz, Compl.*).

---

[2] Here, the Plaintiffs include negligence and riparian rights in the heading of their complaint; however, they do not allege particular facts relating to these causes of action, nor do they specifically

4

PRASA moved to dismiss the complaint for lack of jurisdiction and failure to state a claim on February 7, 2020. *Def. PRASA's Mot. to Dismiss* (ECF No. 11). On March 13, 2020, the Plaintiffs opposed the motion. *Pls.' Consolidated Opp'n to Mot. to Dismiss* (ECF No. 17). PRASA did not reply. However, on March 13, 2020, EPA filed a separate motion to dismiss for lack of subject matter jurisdiction. *Mot. to Dismiss for Lack of Subject Matter Jurisdiction by Def. EPA* (ECF No. 18). The Plaintiffs responded to EPA's motion on May 8, 2020, objecting to the requested dismissal. *Pls.' Consolidated Opp'n to EPA's Mot. to Dismiss* (ECF No. 23). EPA replied on June 1, 2020. *Reply in Support of Mot. to Dismiss for Lack of Subject Matter Jurisdiction* (ECF No. 27). On August 19, 2021, the Court denied PRASA's motion to dismiss but granted EPA's motion to dismiss the claims against it on the basis of sovereign immunity. *Omnibus Op. and Order* (ECF No. 35).

PRASA then answered the complaint on November 30, 2021. *Answer to Compl.* (ECF No. 42). As the case proceeded with discovery, the case was referred to the Magistrate Judge on March 6, 2023. *Order* (ECF No. 69).

On May 31, 2024, PRASA filed a motion for summary judgment, asking the Court to dismiss the complaint in its entirety. *Mot. and Mem. in Support of Summ. J.* (ECF No. 151) (*Reyes-Muñoz, Def.'s Summ. J. Mot.*). The Plaintiffs opposed the motion for summary judgment on June 19, 2024. *Pls.' Consolidated Opp'n to Mot. for*

---

address these counts in the "Other Causes of Action" section of their complaint. *See Reyes-Muñoz, Compl.* at 1, 6.
    Again, in considering the motion for consolidation, the Court does not reach a conclusion on whether these causes of action have been sufficiently pleaded. Rather, the Court merely notes the legal theories under which the Plaintiffs bring their lawsuit to determine whether the two cases present common questions of law.

*Summ. J.* (ECF No. 158) (*Reyes-Muñoz, Pls.' Opp'n to Summ. J. Mot.*). After seeking and being granted leave to file a reply, *Request for Leave to File a Reply to Pls.' Opp'n to Summ. J.* (ECF No. 163); *Order* (ECF No. 164), PRASA replied in support of its motion to dismiss on July 10, 2024. *Reply to Pls.' Opp'n to PRASA's Mot. for Summ. J.* (ECF No. 166) (*Reyes-Muñoz, Def.'s Summ. J. Reply*). In response, the Plaintiffs requested and were granted leave to file a sur-reply, *Mot. Seeking Leave to File Sur[-]Reply* (ECF No. 171); *Order* (ECF No. 172), which they filed on July 22, 2024. *Pls.' Sur[-]Reply to PRASA's Reply to Pls.' Consolidated Opp'n to Mot. for Summ. J.* (ECF No. 179) (*Reyes-Muñoz, Pls.' Summ. J. Sur-reply*).

Separately from the motion for summary judgment, the Magistrate Judge held a pre-trial conference on July 19, 2024, at which she ordered the parties to brief the question of whether claims brought under the CWA include a right to jury trial. *Min. Entry* (ECF No. 177). PRASA filed its motion on July 23, 2024, requesting the Court deny the Plaintiffs' request for a jury trial as not provided for in the CWA. *Mot. in Compliance with Order* (ECF No. 181) (*Reyes-Muñoz, Def.'s Mot. in Opp'n to Jury Trial*). On July 29, 2024, the Plaintiffs filed their own motion, asserting their right to a jury trial. *Mot. in Compliance with Order and Brief in Support of Right to Jury Trial* (ECF No. 183) (*Reyes-Muñoz, Pls.' Mot. for Jury Trial*).

On August 9, 2024, PRASA filed a similar motion in limine and to dismiss as it filed on August 2, 2024 in *Cebollero-Bertran*. *Mot. in Lim. to Exclude Evid. and Args. Relating to Pls.' Lack of Standing* (ECF No. 185) (*Reyes-Muñoz, Def.'s Mot. in Limine*). On August 21, 2024, Plaintiffs filed a response similar to the Plaintiffs'

6

response filed on August 19, 2024 in *Cebollero-Bertran*. *Pls.' Reply in Opp'n to PRASA's Mot. in Lim. to Exclude Evid. and Args. Relating to Pls.' Lack of Standing, Pls.' Mot. in Lim. to Exclude PRASA's Evid.* (ECF No. 199) (*Reyes-Muñoz, Pls.' Mot. in Lim.*).

### C. Judicial Transfer, the September 6, 2024 Status Order, and the Motion for Consolidation

On August 9, 2024, the Magistrate Judge entered an order of recusal in both cases. *Order of Recusal*, No. 3:19-cv-01412-JAW (ECF No. 160); No. 3:19-cv-02131-JAW (ECF No. 184). Accordingly, by order of Chief Judge Raúl Arias-Marxuach, the respective cases were reassigned to this Court's docket that same day. *Mem. of the Clerk*, No. 3:19-cv-01412-JAW (ECF No. 162); No. 3:19-cv-02131-JAW (ECF No. 188).

The Court held a videoconference on September 3, 2024 with the counsel of both cases to discuss their status.[3] *Min. Entry*, No. 3:19-cv-01412-JAW (ECF No. 178); No. 3:19-cv-02131-JAW (ECF No. 205). After discussing the possibility of consolidation with the parties, the Court ordered counsel for the Plaintiffs in both cases to inform the Court of their position on formal consolidation by September 9, 2024, and for counsel for PRASA to respond with its position on the same question by September 16, 2024. *Cebollero-Bertran, Status Order* at 1-2; *Reyes-Muñoz, Status Order* at 1-2.

---

[3] At the status conference, José Luis Ramírez de Leon, Esq. represented the Plaintiffs in both cases. *Status Order* at 1, No. 3:19-cv-01412-JAW (ECF No. 179) (*Cebollero-Bertran, Status Order*); No. 3:19-cv-02131-JAW (ECF No. 206) (*Reyes-Muñoz, Status Order*). PRASA was jointly represented in both cases by A.J. Bennazar-Zequeira, Esq. and Idalia M. Diaz-Pedrosa, Esq. *Id.*

7

On September 9, 2024, the Plaintiffs filed an essentially identical motion in both cases seeking consolidation of the two cases. *Mot. to Request Consolidation*, No. 3:19-cv-01412-JAW (ECF No. 180); No. 3:19-cv-02131-JAW (ECF No. 207) (*Pls.' Mot.*). In both cases, PRASA responded opposing consolidation and asked the Court to hold the decision of whether to consolidate in abeyance until after resolving the pending issues of standing, the right to a jury trial under the CWA, the dispositive motions, and the motions in limine. *Def. PRASA's Resp. to Pl.'s Request for Consolidation*, No. 3:19-cv-01412-JAW (ECF No. 181); No. 3:19-cv-02131-JAW (ECF No. 208) (*Def.'s Opp'n*).

## II.  THE PARTIES' POSITIONS

### A.  Plaintiffs' Motion for Consolidation

Plaintiffs' respective motions summarily request consolidation of the two cases, informing the Court "that under Fed.[ ]R.[ ]Civ.[ ]P. Rule 42(a)(2), they consent to consolidate the instant case with [the other respective case caption]." *Pls.' Mot.* at 1.

### B.  PRASA's Opposition to Motion for Consolidation

The Defendant opposes consolidation of the two cases, arguing that, in the event of a jury trial, "consolidation of both cases will rather complicate proceedings instead of contributing to a more efficient administration of justice." *Def.'s Opp'n* at 2. PRASA acknowledged certain similarities between the cases, including that in both cases Plaintiffs are represented by the same counsel, and in both cases claims are made against PRASA pursuant to the CWA. *Id.* However, PRASA insists that differences in "operative facts" between the cases weigh against consolidation, including: "a) different geographic locations; b) different dates and climatic events

8

regarding the overflows; c) different PRASA personnel involved in each case; [and] d) different functionalities and characteristics of the sanitary systems." *Id.*

To conclude, PRASA requests the Court hold a determination regarding consolidation in abeyance "until the issues of standing, right to a jury (or not), and the dispositive motions and motions in limine are adjudicated." *Id.*

### III. LEGAL STANDARD

Rule 42 of the Federal Rules of Civil Procedure allows a district court to consolidate cases. FED. R. CIV. P. 42(a)(1) ("If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions").

"The threshold issue is whether the two proceedings involve a common party and common issues of fact or law." *Norton Lilly Int'l v. P.R. Ports Auth.*, No. 18-1012 (GAG), 2019 U.S. Dist. LEXIS 240524, at *2 (D.P.R. May 16, 2019) (citing *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989); *New England Energy, Inc. v. Keystone Shipping Co.*, 855 F.2d 7 (1st Cir.1988)). "Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.* (citing *Keystone*, 855 F.2d at 7). "A motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" *Seguro de Servicio de Salud de Puerto Rico,* 878 F.2d at 8 (citing *Lavino Shipping Co. v. Santa Cecilia Co.*, 1972 A.M.C. 2454, 2456 (S.D.N.Y.)).

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018) (citing 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2383 (3d

ed. 2008); *see also Gonzalez-Quiles v. Cooperativa de Ahorro y Credito de Isabela*, 250 F.R.D. 91, 93 (D.P.R. 1981) ("The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court") (citing *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 20 (D.D.C. 2002)). When deciding whether to exercise such discretion, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Pino-Betancourt v. Hosp. Pavia Santurce*, 928 F. Supp. 2d 393, 395 (D.P.R. 2013) (quoting *Am. Postal Workers Union v. United States Postal Serv.*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006); *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)); *see, accord., Norton Lilly Int'l*, 2019 U.S. Dist. LEXIS 240524, at *3-4 ("It is for the district court to weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause for the litigants and the trial judge").

## IV.   DISCUSSION

In evaluating the motion for consolidation, the Court first considers the threshold question of whether the two cases present "a common party and common issues of fact or law." *Norton Lilly Int'l*, 2019 U.S. Dist. LEXIS 240524, at *2.

PRASA does not dispute that it is the named defendant in both lawsuits and further concedes that "in both cases claims are made against PRASA pursuant to the Clean Water Act." *Def.'s Opp'n* at 2. Indeed, both complaints bring causes of action under the CWA's citizen suit provision and state law nuisance, negligence, and riparian rights. *See Cebollero-Bertran, Compl.* at 1-2, 6-7; *Reyes-Muñoz, Compl.* at 1-2, 6. Similar factual circumstances also underlie both cases; specifically, discharges from PRASA-controlled sewer systems that the Plaintiffs respectively allege violated

the federal CWA, as well as the 2015 Consent Decree entered into between PRASA and EPA[4], and in so doing caused their injuries. *See Cebollero-Bertran, Compl.* at 3-6; *Reyes-Muñoz, Compl.* at 3-4. The Plaintiffs in each case also ask for an identical set of remedies, down to the dollar amounts:

> A. Injunctive relief, including a restorative injunction, taking into account a comprehensive evaluation of the environmental factors involved and the practicalities of the situation, based on the factual record. Plaintiff demands that defendant be enjoined from continuing any discharges of pollutant into the creek at the locations specified in [his or her] 60-day letter.
>
> B. Civil penalties to be assessed as a matter of law. 33 U.S.C. § 1319(d).
>
> C. Damages, including compensatory damages, damages to the person include inconvenience, unhappiness, and annoyance caused by the Defendant's actions. Such damages are to be determined by the enlightened conscience of the jury. Said damages include those that continue to occur during the pendency of the case and are estimated at $200,000.00
>
> D. Reasonable attorney and expert witness fees to plaintiff as a prevailing party or a substantially prevailing party, whenever the court determines such award is appropriate. See 33 U.S.C. § 1365(d).
>
> E. Punitive damages at an amount no less than $1,000,000.00 given defendant PRASA's willful and conscious indifference to consequences of their environmental destruction.
>
> F. Any other and further legal and/or equitable relief to which Plaintiffs might be entitled at law or which this Court deems proper.

*Compare Cebollero-Bertran, Compl.* at 7-8, *with Reyes-Muñoz, Compl.* at 6-7.

The motions currently pending further illustrate the common legal questions raised on both dockets. In each case, PRASA has filed a motion for summary

---

[4] As the parties well know, PRASA entered into a consent decree with EPA in 2015 in response to CWA violations, which required PRASA to monitor point source discharges and to take steps to remediate them. *See Cebollero-Bertran, Compl.* at 5; *Reyes-Muñoz, Compl.* at 5.

11

judgment on a single ground: the diligent prosecution bar to a citizen suit under the CWA. *Compare Cebollero-Bertran, Def.'s Summ. J. Mot.*, *with Reyes-Muñoz, Def.'s Summ. J. Mot.* In each case, the Plaintiffs reject PRASA's characterization of the dispute, arguing the motion for summary judgment actually presents two issues:

> (1) if PRASA has not provided evidence of comparable corrective actions being taken pursuant the CD <u>at the time of the filing of the citizen suit in order to trigger the diligent prosecution bar</u>, and (2) if such is the case, and the diligent prosecution bar is not triggered, and the Complaint stands, then if the Court could have supplemental jurisdiction claims related to applicable Commonwealth's statutes, such as damages under the Nuisance Abatement law (*Ley sobre Estorbo Público*) P.R. LEYES AN. TIT. 32 §2761 (2023) (Dkt. No. 1, p. 6), and Puerto Rico's riparian rights (Act No. 180 of October 29, 2014 P.R. LEYES AN. TIT. 12 §§421 et seq.)

*Compare Cebollero-Bertran, Pl.'s Opp'n to Summ. J. Mot.* at 4 (emphasis in original), *with Reyes-Muñoz, Pls.' Opp'n to Summ. J. Mot.* at 3 (emphasis in original).

Common legal questions continue to arise in the pending motions regarding jury trial and motions in limine. In both cases, PRASA filed seemingly identical motions, both arguing the CWA does not provide for a jury trial such that the Court should deny Plaintiffs' requests. *Compare Cebollero-Bertran, Def.'s Mot. in Opp'n to Jury Trial* at 1-5, *with Reyes-Muñoz, Def.'s Mot. in Opp'n to Jury Trial* at 1-5. In each case, respectively, Plaintiffs responded by asserting their right to a jury trial for their CWA claims. *Compare Cebollero-Bertran, Pl.'s Mot. for Jury Trial* at 1-5, *with Reyes-Muñoz, Pls.' Mot. for Jury Trial* at 1-5. Similarly, in early August 2024, PRASA filed motions in limine in both cases that raised issues of standing and sought to exclude, *inter alia*, expert witness testimony for failure to satisfy the *Daubert*[5] standard,

---

5   *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

testimony of other fact witnesses, and electronic evidence. *Compare Cebollero-Bertran, Def.'s Mot. in Lim.* at 1-18, *with Reyes-Muñoz, Def.'s Mot. in Lim.* at 1-21. In both cases, Plaintiffs responded by arguing against PRASA's assertions on lack of standing, asking the Court to deny PRASA's requests to exclude certain types of evidence, and moving to exclude PRASA's expert witness testimony in his or her own right. *Compare Cebollero-Bertran, Pl.'s Mot. in Lim.* at 1-25, *with Reyes-Muñoz, Pls.' Mot. in Lim.* at 1-28.

In light of the foregoing, the Court concludes that the two cases present not only a common party, but also raise numerous questions of law common to both. Accordingly, the Court turns to "weigh considerations of convenience and economy against considerations of confusion and prejudice." *Pino-Betancourt*, 928 F. Supp. 2d at 395.

On this point, PRASA emphasizes its concern that, "[i]n the event that there will be a jury trial," differences in the "operative facts" of each case would result in an order of consolidation "complicat[ing] proceedings instead of contributing to a more efficient administration of justice." *Def.'s Mot.* at 2. In particular, PRASA notes four factual differences between the cases: "a) different geographic locations; b) different dates and climatic events regarding the overflows; c) different PRASA personnel involved in each case; [and] d) different functionalities and characteristics of the sanitary systems." *Id.*

The Court recognizes that distinguishable facts underlie each respective case. However, consolidation does not purport to eliminate the significance of these

13

differences because, "[e]ven when consolidated, . . . each case's individuality and distinctness will remain." *Norton Lilly Int'l*, 2019 U.S. Dist. LEXIS 240524, at *4; *see also Hall*, 584 U.S. at 70 ("consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another") (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)).

Additionally, the Defendant expressly raises its concern of consolidation "in the event that there will be a jury trial." *Def.'s Mot.* at 2. On this point, the Court notes PRASA's urging that, before a jury trial would be held, the Court should reach disposition on the pending motions for summary judgment, dispositive motion on standing, motions in limine, and motions on the appropriateness of a jury trial for a CWA citizen suit claim. The Court confirms that, should the claims survive all these motions and proceed to jury trial, the Court's obligation to ensure that the evidence is non-prejudicial and non-conflating would not substantially change, regardless of whether the cases are consolidated. Moreover, with the assistance of able counsel, the cases can remain appropriately differentiated through precise evidentiary determinations and jury instructions, in the event of jury trial. At bottom, PRASA's articulated fears of potential factual confusion at jury trial fail to establish "demonstrable prejudice" deserving of rejecting the motion for consolidation. *See Seguro de Servicio de Salud de Puerto Rico,* 878 F.2d at 8 (citing *Lavino Shipping Co.*, 1972 A.M.C. at 2456). In addition, if the cases call for jury trials, the Court will

14

consult with counsel to determine the optimal way to maximize the efficiency of joint trials and minimize any prejudicial impact.

Furthermore, the interests of convenience and judicial economy weigh heavily in favor of consolidation. The District Court of Puerto Rico has previously held, when considering motions for consolidation, that "given the common issues of law presented in both cases, consolidation will prevent the Court and the parties from wasting valuable time and resources in dealing with the same legal issues and filings twice. Consolidation will thus preserve scarce judicial resources and prevent inconsistent rulings." *Norton Lilly Int'l*, 2019 U.S. Dist. LEXIS 240524, at *2. As the district court explained, when "the attorneys in both cases are the same . . . it really makes no sense, from a practical and logistical standpoint, not to consolidate the cases." *Id.* at 10 (citing *Rivera-Feliciano v. Acevedo-Vila*, Civ. Nos. 05-1910 (PG), 06-1358 (PG), 2007 U.S. Dist. LEXIS 12059, at *4-5 (D.P.R. Feb. 20, 2007). Here, the same attorney represents the two sets of Plaintiffs and PRASA is represented by the same counsel in both cases.

Finally, courts have noted that cases "at the same procedural stance" may be ripe for consolidation. *Id.* As described in this order, the two cases have largely parallel procedural histories, including referral to the same Magistrate Judge, her recusal, the cases' reassignment to this Judge, and the duplicative pending motions.

In conclusion, the Court finds it prudent, in the interests of convenience and judicial economy, to consolidate the two cases. At the same time, the Court takes heed of PRASA's concerns regarding prejudice through the confusion of distinct

15

underlying facts should the cases proceed to jury trial and notes its obligation to "preserv[e] the distinct identities of the cases and the rights of the separate parties in them." *Hall*, 584 U.S. at 67.

## V.   CONCLUSION

In *Cebollero-Bertran v. PRASA*, No. 3:19-cv-01412-JAW, and *Reyes-Muñoz v. PRASA*, No. 3:19-cv-02131-JAW, the Court GRANTS the Plaintiffs' respective Motions to Request Consolidation, No. 3:19-cv-01412-JAW (ECF No. 180); No. 3:19-cv-02131-JAW (ECF No. 207).

In the same cases, the Court NOTES the Defendant PRASA's respective Responses to Plaintiff's Request for Consolidation, No. 3:19-cv-01412-JAW (ECF No. 181); No. 3:19-cv-02131-JAW (ECF No. 208).

The Court accordingly ORDERS that the Clerk enter an order consolidating the two cases.

SO ORDERED.

                                              /s/ John A. Woodcock, Jr.
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2024.