UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| NOEL REYES-MUÑOZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-02131-JAW |
| | ) | |
| PUERTO RICO AQUEDUCT | ) | |
| & SEWER AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR JURY TRIAL**

The court concludes that the plaintiffs in a citizen suit brought under the Clean Water Act have the right to trial by jury on the liability portion of their claim only and that a court must determine any injunctive relief and impose any civil penalties. The court also determines that the plaintiffs have a right to trial by jury on all issues in the plaintiffs' companion nuisance and riparian rights claims, including damages.

## I.    BACKGROUND

On December 13, 2019, Plaintiffs Noel Reyes-Muñoz and Olga Ramos-Carrasquillo filed a complaint against the Puerto Rico Aqueduct & Sewer Authority (PRASA), alleging that PRASA had violated the provisions of the Clean Water Act (CWA), 33 U.S.C. §§ 1251, et seq., and the state law against the creation of a nuisance by causing sewer discharges into Cidra Lake, where the Plaintiffs own property. *Compl.* (ECF No. 1).  The case is nearing trial, and the parties disagree as to whether the Plaintiffs are entitled to a jury trial.

On July 19, 2024, Judge Lopez-Soler ordered the parties to file simultaneous memoranda on whether there is a right to trial by jury in cases under the CWA. *Order* (ECF No. 177). On July 23, 2024, PRASA filed its memorandum, *Mot. in Compliance with Order* (ECF No. 181) (*PRASA Mem.*), and on July 29, 2024, the Plaintiffs filed theirs. *Mot. in Compliance with Order and Br. in Support of Right to Jury Trial* (ECF No. 183) (*Pls.' Mem.*). On September 26, 2025, the parties filed supplemental memoranda in support of their respective positions. *Mot. to Suppl. Briefing in Supp. of Right to Jury Trial* (ECF No. 219) (*Pls.' Suppl. Mem.*); *Suppl. Mem. on Lack of Right to a Jury Trial* (ECF No. 220) (*PRASA's Suppl. Mem.*).

## II.    THE POSITIONS OF THE PARTIES

### A.    PRASA's Memorandum

Turning first to the CWA, PRASA observes that the primary forms of relief under the CWA are injunctive and civil penalties, and the Plaintiffs are not claiming and have no right to claim damages for personal injuries. *PRASA Mem.* at 2. PRASA concedes that the CWA is silent on the right to a jury trial and argues that the absence of statutory authorization confirms the lack of a right. *Id.* PRASA says that even though the right to a jury trial has been preserved, it is restricted to suits at common law, where legal rights are adjudicated and does not extend either to equitable relief or civil penalties. *Id.* Citing *Tull v. United States*, 481 U.S. 412 (1987) and other caselaw, PRASA maintains that the United States Supreme Court has held that there is no right to a jury trial to assess civil penalties. *Id.* at 2-3. PRASA also asserts there is no right to a jury trial for the Plaintiffs' nuisance claim. *Id.* at 1 n.1.

### B.    The Plaintiffs' Memorandum

Also citing *Tull* as authority, the Plaintiffs draw exactly the opposite conclusion from PRASA and argue that the Supreme Court held that there is a right to a jury trial under the CWA. *Pls.' Mem.* at 3. The Plaintiffs further contend that the right to a jury trial extends to citizen lawsuits, such as theirs. *Id.* at 4. Under the Plaintiffs' analysis, although a jury determines whether PRASA is liable under the CWA, a judge, not a jury, determines the amount of the civil penalty once the jury determines liability. *Id.* at 4-5.

The Plaintiffs also address the right to trial by jury on the nuisance claim. *Id.* at 5. Contrary to PRASA's contention, the Plaintiffs maintain that there is a right to a jury trial on their nuisance theory. *Id.* at 5.

### C.    PRASA's Supplementary Memorandum

In its supplementary memorandum, PRASA restate and elaborate upon its contention that *Tull* established that there is no right to a jury trial for citizen lawsuits under the CWA. *PRASA Suppl. Mem.* at 1-3. PRASA also refers to a decision by now Circuit Judge Gustavo A. Gelpí, *Hernandez v. Esso Standard Oil Co.*, 599 F. Supp. 2d 175 (D.P.R. 2009) in which Judge Gelpí wrote that citizens are not entitled to a jury trial in the penalty and remedy phases of their CWA claims. *Id.* at 4. PRASA cites several other cases it claims arrived at the same result. *Id.* at 4-6.

### D.    The Plaintiffs' Supplementary Memorandum

In their supplementary memorandum, the Plaintiffs point out that the CWA expressly allows for citizens to sue pursuant to other statutory or common law causes of action, citing the so-called savings clause of the CWA. *Pls.' Suppl. Mem.* at 2 (citing

3

33 U.S.C. § 1365(e)). Thus, the Plaintiffs observe, the Supreme Court upheld the right of citizens to bring common law nuisance claims in addition to claims under the CWA. *Id.* (citing *Inter'l Paper Co. v. Ouellette*, 479 U.S. 481 (1987)). Under their nuisance claim, the Plaintiffs say they are pressing a legal, not equitable, claim and are therefore entitled to a jury trial. *Id.* at 2-3.

Addressing the right to jury trial under the CWA, the Plaintiffs reiterate and expand upon their view that juries determine liability under the CWA and judges determine the amount of the civil penalties. *Id.* at 3-4. The Plaintiffs urge the Court to hold a unified trial, allowing the jury to assume its constitutional role in the resolution of this dispute. *Id.* at 4-5.

## III.    DISCUSSION

The Seventh Amendment of the United States Constitution states:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S. CONST. amend. VII. "The right to trial by jury is 'of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right' has always been and 'should be scrutinized with the utmost care.'" *SEC v. Jarkesy*, 603 U.S. 109, 121 (2024) (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)); *accord Perttu v. Richards*, 605 U.S. 460, 467 (2025).

### A.    *United States v. Tull*

In 1987, in *Tull*, the United States Supreme Court addressed whether there was a right to trial by jury under the Seventh Amendment in a lawsuit initiated by

the United States against a developer for injunctive relief and civil penalties for the developer's violation of the CWA. The *Tull* Court analogized the Government's action against the developer to "the 18th-century action in debt" for which there was historically a right to a jury trial on the liability phase of the action. 481 U.S. at 420.

The Supreme Court in *Tull* rejected the Government's argument that because it was seeking injunctive relief, traditionally equitable relief without the right to a jury trial, the Seventh Amendment did not apply to the CWA claim for penalties. The *Tull* Court wrote:

> [I]f a "legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact. The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought."

*Id.* at 425 (quoting *Curtis v. Loether*. 415 U.S. 189, 196, n.11 (1974)).

The *Tull* Court, however, ruled that, even though the Seventh Amendment right to jury trial attached to the liability phase of the CWA lawsuit, it did not extend to the assessment of the penalties under the CWA, which was left for the judge to determine. On this issue, the Supreme Court wrote:

> The legislative history of the 1977 Amendments to the Clean Water Act shows, however, that Congress intended that trial judges perform the highly discretionary calculations necessary to award civil penalties after liability is found.

*Id.* at 425.

Thus, the Supreme Court decided in *Tull* that the Seventh Amendment right to a jury trial applied to cases initiated by the Government against alleged violators of the CWA but only to determine liability, not to impose penalties. Moreover, where

the legal claim was joined with the equitable claim, the right to a jury trial attached to all issues common to both claims.

### B. *Tull* and Citizen Lawsuits under the CWA

The next question is whether the *Tull* holding extended beyond lawsuits initiated by the Government against alleged violators to citizen suits authorized under the CWA against alleged violators. Surprisingly, despite the passage of over four decades since *Tull*, neither the Supreme Court nor the First Circuit has definitively answered this question. Two district courts within the First Circuit have concluded that no right to jury trial attaches to the liability phase of citizen-filed lawsuits under the CWA, and one has concluded that citizens have the right to jury trial for the liability phase. *Compare Hernandez*, 559 F. Supp. 2d at 181 ("[T]he court rejects Esso's argument that plaintiffs have no right to jury trial as to their claims under the CWA"), *with Paolino v. JF Realty LLC*, No. 1:12-cv-039-ML, 2013 U.S. Dist. LEXIS 206389 (D.R.I. Aug. 8, 2013) and *Sanchez v. Esso Standard Oil Co. De P.R., Inc.*, No. 08-2151 (JAF), 2010 U.S. Dist. LEXIS 82646 (D.P.R. Aug. 5, 2010). To be clear, the only issue is whether the Plaintiffs have a right to a jury trial on the liability portion of a citizen-initiated lawsuit. There is no claim that, if liability is found, a jury may determine the penalties or issue an injunction.

The most recent effort to synchronize these disparate strands of Seventh Amendment law is *Texas v. Google, LLC*, 787 F. Supp. 3d 357 (E.D. Tx. 2025). Although addressing the right of states to a jury trial under the Sherman Antitrust Act and state versions of Deceptive Trade Practices Acts, the district court engaged in an extensive and scholarly discussion of the historic underpinnings of the right to

trial by jury and touched on the *Paolino* and *Sanchez* decisions.  *Id.* at 398 n.17 ("To the extent that other district courts reached a different conclusion, this Court respectfully disagrees with their analysis of *Tull*, related Supreme Court cases, and the Seventh Amendment") (citing *Paolino* and *Sanchez*).

Both *Paolino* and *Sanchez* relied heavily on *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation*, 484 U.S. 49 (1987) to conclude that plaintiffs have no right to a jury trial in the liability phase of citizen-based lawsuits under the CWA. But as the district court pointed out, "*Gwaltney* didn't concern the Seventh Amendment." *Texas*, 787 F. Supp. 3d at 397.  As the district judge explained, *Gwaltney* "addressed a jurisdictional question: whether the so-called 'citizen suit' provision of the CWA conferred federal jurisdiction over wholly past statutory violations." *Id.* at 397-98 (citing *Gwaltney*, 484 U.S. at 52).

C.    **The Right to Jury Trial on Nuisance and Riparian Rights Claims**

In the Joint Proposed Pretrial Order, *Jt. Proposed Pretrial Order* (ECF No. 175), the Plaintiffs have been careful to point out that their claim for damages against PRASA is not related to the CWA part of this civil action but to commonwealth of Puerto Rico statutes on nuisance and riparian rights.  *Id.* at 29-30 (citing P.R. LAWS ANN., tit. 32, § 2761 (2023) (nuisance abatement); P.R. LAWS ANN., tit. 12, §§ 421 et seq (2014) (riparian rights)).[1]  The Court agrees with the Plaintiffs that the weight of

---

[1]    The Plaintiffs' reliance on Puerto Rico statutes to bring these claims does not undercut their right to a jury trial.  *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 729 (1999) (Scalia, J. concurrence) ("The Seventh Amendment's right to jury trial attaches to a statutory cause of action that, although unknown at common law, is analogous to common-law causes that were tried before juries").

authority allows for a civil jury trial on private nuisance claims since the relief they are seeking is legal, not equitable.[2]  *See City of Monterey*, 526 U.S. at 715 (describing trespass on the case for nuisance as a tort action under common law for which there was a right to trial by jury); *1932 Hillhurst, LLC v. Kui Sun Kim*, 2:22-cv-06416-MRA-AFM, 2024 U.S. Dist. LEXIS 70459 (C.D. Cal. Apr. 17, 2024); *City of Bangor v. Citizens Commc'n. Co.*, No. 02-183-B-S, 2005 U.S. Dist. LEXIS 54368, at *16 (D. Me. Feb. 4, 2005) ("It was my understanding then, and it remains my understanding today, that a right to a jury trial in this case arose only by virtue of the City's state law nuisance claims"); *In re Acushnet River & New Bedford Harbor*, 712 F. Supp. 994, 997-1004 (D. Mass. 1989); *Farrell v. City of Ontario*, 178 P.740, 742 (Cal. Ct. App. 1919); *Hudson v. Caryl*, 44 N.Y. 553, 553 (1871).[3]

So too, it appears, for violations of riparian rights, at least where the claim is for money damages and not equitable relief.  *See e.g.*, *Holton v. Ward*, 847 N.W. 2d 1, 6 (Mich. Ct. App. 2014) ("Claims of riparian rights are common-law claims"); *City of Mountain Park, Ga. v. Lakeside at Ansley, LLC*, No. 1:05-cv-2775-CAP, 2011 U.S. Dist. LEXIS 162205, at *5-15 (N.D. Ga. Jul. 21, 2011) (imposing civil penalties for violations of the CWA after a jury determined liability for CWA claims, as well as liability and damages for violations of riparian rights); *cf. Manlick v. Loppnow*, 804

---

[2]      As Justice Scalia pointed out in *City of Monterey*, if the plaintiff in a nuisance case sought only an injunction, the fact that the plaintiff sought only equitable relief would disentitle the plaintiff to a jury.  526 U.S. at 726, n.1.  But the Plaintiffs here are claiming damages in their nuisance claim.

[3]      In *Sanchez*, where the district court found no right to a jury trial under the RCRA, the court dismissed the state-based claims, including nuisance and tort, 2010 U.S. Dist. LEXIS 82646, at *9-14, and in *Paolino*, the district court did not discuss any state-based claims.  2013 U.S. Dist. LEXIS 206389, at *1-10.

N.W.2d 712, 717-18 (Wis. Ct. App. 2011) (finding no right to a jury trial in an action resting solely on the equitable issue of riparian boundaries, i.e., the parties' respective riparian rights, and lacking any damages claim or factual disputes to resolve).

### D.    Legal and Equitable Claims

Having determined that the Plaintiffs are entitled to a jury trial on the pending nuisance and riparian rights claims, the Court circles back to the proposition described in *Tull* that once a legal claim has been joined with an equitable claim, "the right to jury trial on the legal claim, including all issues common to both claims, remains intact."  481 U.S. at 425.  Thus, as the CWA claim is being tried with the nuisance and riparian rights claims, the Plaintiffs have the right to trial by jury on common issues.

## IV.    CONCLUSION

The Court concludes that the Plaintiffs have a right to a jury trial on the nuisance and riparian rights claims, including the right to have a jury determine damages that flow from these actions.  The Court also concludes that the Plaintiffs have a right to a jury trial only on the liability portion of the CWA claim, the issues of injunctive relief and civil penalties to be determined by the Court.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of December, 2025