UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

NOEL REYES-MUÑOZ, et al.,          )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )          No. 3:19-cv-02131-JAW-HRV
                                   )
PUERTO RICO AQUEDUCT               )
& SEWER AUTHORITY,                 )
                                   )
          Defendant.               )

**ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
ELECTRONIC EVIDENCE AND WITNESS TESTIMONY FOR FAILURE TO
COMPLY WITH RULE 26 OF FED. R. CIV. PROC.**

In anticipation of trial, the defendant filed a motion in limine seeking to exclude certain evidence and trial testimony based on the plaintiffs' alleged violations of the rules of discovery. The court denies the defendant's motion because it is untimely and because the defendant's evidentiary issues – as opposed to its discovery issues – are better resolved at trial.

## I.    PROCEDURAL HISTORY

In anticipation of trial, Puerto Rico Aqueduct & Sewer Authority (PRASA) filed a motion in limine to exclude certain witness testimony digital evidence, which PRASA argues Plaintiffs did not properly disclose during discovery. *PRASA's Mot. in Lim. to Exclude Elec. Evid. and Witness Test. for Failure to Comply with Rule 26 of Fed. R. Civ. Proc.* (ECF No. 234) (*Mot.*). Plaintiffs oppose the motion. *Pl.'s Resp. to PRASA's Mot. in Lim. to Exclude Elec. Evid. and Witness Test. for Failure to Comply with Rule 26 of Fed. R. Civ. Proc. in ECF Dkt. No. 234* (ECF No. 271) (*Pls.' Opp'n*). The Court DENIES PRASA's motion.

## II.   THE PARTIES' POSITIONS

### A.   PRASA's Motion in Limine

Alleging Plaintiffs committed various discovery violations, PRASA moves in limine to exclude from trial certain digital evidence—videos, photographs, and emails—and the testimony of several of Plaintiff's anticipated witnesses—Pedro Colón Berlingeri, Diana Lebrón Ruiz, José Luis Vázquez Otero, Ana Luisa Quiles, and José Luis Vázquez Quile.  Specifically, PRASA argues that Plaintiffs did not properly disclose the contested digital evidence when Plaintiffs emailed PRASA the digital evidence through temporary hyperlinks that expired after thirty days.  *Mot.* at 2-4.  According to PRASA, because the hyperlinks expired before they could download and store the evidence, Plaintiffs breached their duty to preserve the digital evidence, which PRASA argues constitutes spoliation of evidence.  *Id.* at 6-7.  PRASA further alleges Plaintiffs provided videos of alleged sanitary sewage overflows (SSOs) in an altered format and questions their authenticity and reliability.  *Id.* at 4-6.  PRASA also seeks to exclude five of Plaintiffs' proposed witnesses, alleging that neither Plaintiffs' initial disclosure nor any supplemental discovery response identified those witnesses.  *Id.* at 8-9.  According to PRASA, these discovery violations require exclusion from trial per Rule of 37.  *Id.* at 2-5, 8-9.

### B.   Plaintiff's Opposition

In opposing PRASA's motion, Plaintiffs maintain that they fully complied with their disclosure obligations, preserved the relevant evidence, and acted in good faith throughout the discovery period.  *Pls.' Opp'n* at 1-10.  According to Plaintiffs, the

record makes clear that they disclosed the challenged witnesses in their initial disclosure and that each of those witnesses is listed in the July 18, 2024 joint proposed pretrial order. *Id.* at 1-3 (citing *Joint Proposed Pretrial Order* (ECF No. 175)). In addition, Plaintiffs maintain that the record shows that they provided PRASA the challenged digital evidence on December 7, 2022, and further argue that providing the digital evidence by a temporary hyperlink does not violate Rule 26. *Id.* at 3-8. Moreover, PRASA's spoliation argument lacks merit because Plaintiffs preserved the digital evidence and PRASA had ample opportunity to download and preserve the evidence or ask Plaintiffs to resend the digital evidence after the hyperlink expired. *Id.* at 8-10. Plaintiffs represent that they did not know the hyperlinks would expire nor that PRASA did not successfully download the digital evidence provided. Plaintiffs explain that had PRASA raised its concerns during the discovery period, they would have cooperated with PRASA to provide them the digital material. *Id.* at 3-4 & 10. Plaintiffs therefore ask this Court to deny PRASA's motion in its entirety. *Id.* at 10.

### C.    PRASA's Reply

In reply, PRASA maintains that Plaintiffs' disclosure failed to comply with Rule 26. *Reply in Support of PRASA's Mot. in Limine to Exclude Elec. Evid. and Witness Testimony for Failure to Comply with R. FRCP 26* at 2-4 (ECF No. 287) (*PRASA's Reply*). PRASA argues that Plaintiffs' witness disclosures were inadequate. *Id.* at 6. Next, PRASA insists Plaintiffs' alleged noncompliance with Rule 26 and the questionable authenticity and reliability of the digital evidence

prejudices PRASA, including by negatively impacting their litigation strategy. *Id.* at 4-6 & 7-8.

## III.    LEGAL STANDARD

Federal Rules of Civil Procedure Rule 37 "sets forth a clear path to be followed if a party believes that another litigant is not cooperating in the discovery process." *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 18 (1st Cir. 1991).  Pursuant to Rule 37(a)(1), a party may move for an order compelling disclosure or discovery but only after a good faith attempt to resolve the dispute with opposing counsel in an effort to obtain the information without court action.  FED. R. CIV. P. 37(a)(1).  The District of Puerto Rico Local Rules further require any discovery motion to include a certification from the moving party that it has made a reasonable good faith effort to reach an agreement with opposing counsel on the matter in dispute. DIST. P.R. LOC. R. 26(b); *Velázquez-Pérez v. Devs. Diversified Realty Corp.*, 272 F.R.D. 310, 312 (D.P.R. 2011) (citing *Aponte-Navedo v. Nalco Chem. Co.*, 268 F.R.D. 31 & 40-41 (D.P.R. 2010)).  "Absent such a certification, the Court will not entertain the matter." *Party Book Hill Park, LLC v. Travelers Prop. Casualty Co.*, No. 18-1179 (GMM), 2023 U.S. Dist. LEXIS 168811, at \*13 (D.P.R. July 17, 2023).

## IV.    DISCUSSION

### A.    What the Record Shows

First, the record clearly shows Plaintiffs properly disclosed the witnesses and digital evidence PRASA seeks to exclude.  As for the witnesses, on February 1, 2022, Plaintiffs' counsel emailed PRASA's counsel, Carols Ramirez and Idalia Diaz

4

Pedrosa, their initial disclosure pursuant to Rule 26(f), listing Pedro Colón Berlingeri, Diana Lebrón Ruiz, José Luis Vázquez Otero, Ana Luisa Quiles, and José Luis Vázquez Quiles each as "[w]itnesses and people with knowledge of the facts set forth in the Complaint." *Pls.' Opp'n*, Attach. 1, *Feb. 1, 2022 Email* & Attach. 2, *Pls.' Initial Disclosures as Per Fed. R. Civ. P. 26(f)* (*Pls.' Initial Disclosures*). Furthermore, the Parties' July 18, 2024 joint proposed pretrial order includes each of these five individuals as anticipated witnesses for Plaintiffs' case at trial. *See Joint Proposed Pretrial Order* at 60-61 (listing Pedro Colón Berlingeri, Diana Lebrón Ruiz, José Luis Vázquez Otero, Ana Luisa Quiles, and José Luis Vázquez Quiles each as witnesses Plaintiffs intend to call during trial).

As for the digital evidence, the record also clearly shows that on December 7, 2022, Plaintiffs provided the digital evidence to PRASA's counsel. *Pls.' Initial Disclosures*. The hyperlink to download the digital evidence was active for thirty days and expired on January 6, 2023. *Pls.' Opp'n* at 3.

In a December 19, 2022 letter from PRASA's counsel to Plaintiffs' counsel, PRASA acknowledged receipt of the digital evidence provided in Plaintiffs' counsel's December 7, 2022 email. *PRASA's Reply*, Attach. 1, *PRASA Letter*. PRASA's letter also asked Plaintiffs to supplement their response to PRASA's interrogatory 3(j), which requested that any and all videos Plaintiffs took of the alleged SSOs include "a time stamp, the name, make and model of the device with which it was taken, the name address and telephone of the person that took and or was the custodian of the video." *Id.* at 1. On January 3, 2023, Plaintiffs' counsel replied to PRASA's request

for the additional information, indicating that they would provide PRASA the supplemented response to interrogatory 3(j) "no later than January 13th, 2023." *PRASA Reply*, Attach. 2, *Plaintiffs' Letter*. PRASA claims they never received the supplemental response from Plaintiffs, and Plaintiffs do not address this in their opposition. *Mot.* at 3; *PRASA Reply* at 3-4.

### B. Exclusion under Rule 37

PRASA's motion in limine at this juncture, well after the conclusion of discovery, is both untimely and procedurally improper. "Despite its best efforts to dress the instant request as one of inadmissibility of the evidence subject to elimination for trial, the fact of the matter is that [PRASA's] complaint is one of discovery . . . ." *Party Book Hill Park, LLC*, 2023 U.S. Dist. LEXIS 168811 at *12 (denying discovery sanctions at the summary judgment stage and after the moving party had made no effort to compel within the discovery deadline). For the Court to consider the several discovery disputes PRASA recounts in their motion in limine, PRASA needed to have attempted a good faith effort to obtain the digital evidence and the supplemental response to interrogatory 3(j) from Plaintiffs, and only after that good faith attempt failed, then timely move the Court to compel production of that information. *Id.* at *13. PRASA did neither. Instead, they waited until the eve of trial, approximately three years after the dispute arose, and far beyond the close of discovery, to seek relief from the Court.

The Court therefore will not exclude the contested digital evidence or witness testimony, because PRASA made no effort to address the dispute within the discovery

period.  *See Santiago v. Costco Wholesale Corp.*, No. 19-1082 (SCC/BJM), 2020 U.S. Dist. LEXIS 119509, at *4-7 (D.P.R. July 6, 2020).

Moreover, PRASA has not explained why the instant request could not have been filed within the discovery deadline and after exhausting good faith efforts to confer with Plaintiffs.  *Party Book*, 2023 U.S. Dist. LEXIS 168811 at *14; *see also Brooks v. Local S7*, No. 07-03-P-S, 2008 U.S. Dist. LEXIS 82585, at *16 n.4 (A party "cannot wait until summary judgment motions are filed, which generally takes place after discovery has closed, and use the unreported discovery violation as a shield to avoid having summary judgment entered against him").

Furthermore, by waiting until after the close of discovery, PRASA contributed to its own prejudice.  *Party Book*, 2023 U.S. Dist. LEXIS 168811 at *14.  As the record makes clear, Plaintiffs disclosed the disputed digital evidence and witnesses to PRASA more than three years ago.  PRASA has not explained why it did not access the Plaintiffs' hyperlink in December 2022 when the Plaintiffs first supplied it.  It strikes the Court that if a party is going to claim the other side did not send requested discovery, the receiving party has the basic obligation to accept it.

As for the digital evidence, PRASA had plenty of time not just to download this information but to ask Plaintiffs to provide the evidence again, either by a new hyperlink or in a different format, once they learned that the initial hyperlink had expired.  Instead, PRASA waited more than three years to raise the issue and never told the Plaintiffs that the hyperlink had expired before PRASA could save local

7

copies for their own recordkeeping, depriving Plaintiffs of the opportunity to refurnish PRASA with that evidence.

Similarly, any complaint PRASA raises in their motion about the adequacy of Plaintiffs' witness disclosures or the supplemental response to interrogatory 3(j) are untimely and should have been raised during discovery.  Although Plaintiffs did not follow through on their promise to supplement their response to interrogatory 3(j), PRASA "made only minimal efforts to explore this question during the allotted discovery period" and then inexplicably waited more than three years, well after the close of discovery, to complain about Plaintiffs' insufficient interrogatory responses. *Olabode v. Caliber Home Loans, Inc.*, No. 15-cv-10146-ADB, 2016 U.S. Dist. LEXIS 110029, at *12 (D. Mass. Aug. 17, 2016).

Lastly, PRASA's arguments concerning the authenticity and reliability of Plaintiffs' video evidence are better left to trial, where the Plaintiffs will be required to produce foundational evidence that the videos are what they purport to be.  *See* FED. R. EVID. 401 & 901.  As for PRASA's argument about spoliation of evidence, PRASA has not provided the Court with any evidence or information to evaluate the claim that Plaintiffs destroyed or failed to preserve any contested evidence.

## V.    CONCLUSION

The Court DENIES Puerto Rico Aqueduct & Sewer Authority's Motion in Limine to Exclude Electronic Evidence and Witness Testimony for Failure to Comply with Rule 26 of Fed. R. Civ. Proc. (ECF No. 234).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2026