UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

NOEL REYES-MUÑOZ, et al.,      )
                                    )
        Plaintiffs,        )
                                    )
        v.                )      No. 3:19-cv-02131-JAW-HRV
                                    )
PUERTO RICO AQUEDUCT      )
& SEWER AUTHORITY,        )
                                    )
        Defendant.       )

**ORDER ON PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY OF ENGINEER JOSÉ MARTÍ UNDER FEDERAL RULE OF EVIDENCE 702**

The Court rejects a *Daubert*[1] challenge to the expert testimony of an expert witness, concluding that the professional engineer has sufficient education, training, and experience to express the proffered expert opinions and that any disagreements about his methodology and the foundation of his expert opinions are properly subject not to exclusion but to cross-examination, the presentation of countervailing expert testimony, and careful jury instructions.

## I.    PROCEDURAL HISTORY

On November 17, 2025, in anticipation of trial, Plaintiffs filed a *Daubert* motion to exclude the report and testimony of Puerto Rico Aqueduct & Sewer Authority's (PRASA) expert engineer, José A. Martí-Carvajal. *Pl's. Mot. in Lim. to Exclude the Expert Test. of Eng'r José Martí under Fed. R. of Evid. 702* (ECF No. 243) (*Mot.*). On December 19, 2025, PRASA filed their response, opposing the motion.

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

*Opp'n to Pl.'s Mot. in Lim. to Exclude PRASA's Expert* (ECF No. 268) (*PRASA's Opp'n*).  Plaintiffs did not file a reply.[2]

## II.    THE PARTIES' POSITIONS

### A.    Plaintiff's *Daubert* Motion

Plaintiffs seek to exclude Mr. Martí's expert testimony and report on the grounds that his opinions fail to satisfy the requirements for admissibility under Federal Rule of Evidence 702.  *Mot.* at 4-14.  Plaintiffs argue that Mr. Martí's report lacks a sufficient factual foundation, fails to apply reliable methodology, relies on speculation and assumptions, and improperly offers legal conclusions.  *Id.*  As Plaintiffs explain, Mr. Martí issued his report before inspecting the Cidra site, relied exclusively on documents selected by PRASA, ignored contradictory evidence, filled critical factual gaps with assumptions, and offered legal conclusions in place of technical analysis.  *Id.*

### B.    Plaintiff's Opposition

In opposing Plaintiffs' motion, PRASA maintains that Mr. Martí's opinions are based on reliable methodology and that his testimony, consistent with his role as a rebuttal expert witness, will assist the jury in understanding complex technical and regulatory issues central to this case.  *PRASA's Opp'n* at 1-13.  PRASA disputes Plaintiffs' claim that Mr. Martí's report or anticipated testimony will provide legal

---

[2]    On December 30, 2025, Plaintiffs moved to strike PRASA's opposition, arguing that the Court had not authorized PRASA's opposition, per District of Puerto Rico Local Rule 7(c).  *Pl.'s Mot. to Strike from Record for Lack of Leave* (ECF No. 279).  On April 6, 2026, the Court denied Plaintiffs' motion to strike.  *Order* (ECF No. 329).

conclusions.  *Id.* at 11.  Lastly, PRASA insists that Mr. Martí has met the requirements for admissibility under Rule 702 and Plaintiffs' challenges to Mr. Martí's expert testimony are best left to "vigorous cross-examination."  *Id.* at 12.

## III.    LEGAL STANDARDS

### A.    Rebuttal Expert Testimony

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) permits timely disclosed rebuttal expert testimony when the proffered evidence "is intended solely to contradict or rebut evidence on the same subject matter identified by another party['s]" timely disclosed expert witness.  FED. R. CIV. P. 26(a)(2)(D)(ii).  "The determination of what constitutes proper rebuttal evidence lies within the sound discretion of the district court."  *Ceballos-Germosén v. Sociedad Para La Asistencia Legal*, No. 3:16-cv-02944-JAW, 2022 U.S. Dist. LEXIS 197064, at *14 (D.P.R. Oct. 27, 2022) (quoting *Lubanski v. Coleco Indus., Inc.*, 929 F.2d 42, 47 (1st Cir. 1991) (cleaned up)).

### B.    Admissibility of Expert Testimony

Federal Rule of Evidence 702 provides in full:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

> (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)    the testimony is based on sufficient facts or data;
>
> (c)    the testimony is the product of reliable principles and methods; and

> (d)    the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

FED. R. EVID. 702.

Rule 702 assigns a gatekeeping role for trial courts to "ensur[e] that proffered expert testimony is more likely than not both 'relevant' and 'reliable.'" *ZipBy USA LLC v. Parzych*, Nos. 24-1494, 24-1500, 24-1586, 2026 U.S. App. LEXIS 8326, at *7 (1st Cir. Mar. 19, 2026) (quoting *Lawes v. CSA Architects & Eng'rs LLP*, 963 F.3d 72, 97 (1st Cir. 2020)); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). As the First Circuit has explained, a trial court's "gatekeeping function 'is essential because just as jurors may be unable, due to lack of specialized knowledge, to evaluate meaningfully the reliability of scientific and other methods underlying expert opinion, jurors may also lack the specialized knowledge to determine' or to assess 'whether the conclusions of an expert go beyond what the expert's basis and methodology may reliably support.'" *Parzych*, 2026 U.S. App. LEXIS 8326, at *7 (quoting FED. R. EVID. 702 advisory committee's note to 2023 amendments).

A trial court's "inquiry into the admissibility of expert testimony under Rule 702 'must be solely on principles and methodology, not on the conclusions that they generate.'" *Rodríguez v. Hosp. San Cristobal, Inc.*, 91 F.4th 59, 70 (1st Cir. 2024) (quoting *Daubert*, 509 U.S. at 595). However, a trial court is not required to admit "opinion evidence that is connected to existing data only by the ipse dixit of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *accord United States v. Jackson*, 58 F.4th 541, 550-51 (1st Cir. 2024). Rather, "a court may conclude . . . given the record at hand, 'there is simply too great an analytical gap between the data and

4

the opinion proffered.'" *Hosp. San Cristobal*, 91 F.4th at 70-71 (quoting *Joiner*, 522 U.S. at 146).

That said, "[w]hen the factual underpinning of an expert's opinion is weak, it is a matter affecting the weight and credibility of the testimony" and thus "a question to be resolved by the jury." *Milward v. Acuity Specialty Prods. Grp., Inc.*, 639 F.3d 11, 22 (1st Cir. 2011) (citation omitted). Moreover, neither Rule 702 nor the caselaw interpreting Rule 702 "require[s] that a party who proffers expert testimony carry the burden of proving to the judge that the expert's assessment of the situation is correct." *Lawes*, 963 F.3d at 99 (quoting *Milward*, 639 F.3d at 15).

## IV.    DISCUSSION

Applying the proper legal standards to PRASA's *Daubert* motion, the Court will not exclude Mr. Martí's expert report or testimony. First, the Court is well satisfied that Mr. Martí has the professional qualifications to express his expert opinions. Mr. Martí completed graduate studies in sanitary and structural engineering at the University of Puerto Rico, as well as obtained a Master of Science in civil engineering, with a major in environmental engineering, from Northeastern University, Boston, Massachusetts. *PRASA's Opp'n*, Attach. 2, *Jose A. Marti, P.E. DEE. DWrE* at 1. Mr. Martí is a registered professional environmental engineer in Puerto Rico and Massachusetts. *Id.* He is also a member of the American Academy of Environmental Engineers and Scientists and the American Academy of Water Resources Engineers. *Id.* Mr. Martí has decades of experience in wastewater systems, environmental, and regulatory compliance. *Id.*; *PRASA's Opp'n* at 4.

5

Moreover, the Court is satisfied that, for the purposes of Rule 702, Mr. Martí's methodology is sufficiently relevant and reliable to support his rebuttal expert testimony on the issues to which he is expected to testify during trial.  Mr. Martí's role as an expert witness in this case is to provide his opinion, as an environmental engineer, in rebuttal to Plaintiffs' expert testimony about whether PRASA's operational practices, maintenance efforts, and reporting complied with the consent decree's provisions concerning sanitary sewer overflows (SSOs), areas within his expertise as an environmental engineer.  Mr. Martí drew his conclusions by applying established environmental engineering principles employed by environmental engineers, auditors, and regulatory inspectors against Plaintiffs' expert's analysis to evaluate whether Plaintiffs' expert witness has appropriately considered the regulatory framework and available evidence.  *See Ceballos-Germosén*, 2022 U.S. Dist. LEXIS 197064, at \*14  (A rebuttal expert's testimony must cover "the same subject matter," "contradict or rebut evidence," and be offered "solely" to contradict or rebut that evidence) (citing FED. R. CIV. P. 26(a)(2)(D)(ii)); *Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Tr. v. State St. Bank & Tr. Co.*, 290 F.R.D. 11, 16 (D. Mass. 2013).  Furthermore, based on the record before it, the Court does not conclude there is an "analytical gap between the data and the opinion proffered" by Mr. Martí as a rebuttal expert to Plaintiffs' expert witness.  *Joiner*, 522 U.S. at 146.

Plaintiffs' various challenges to Mr. Martí's credentials, his report's methodology, and the evidence relied upon in his report, attack the weight and

6

credibility of his testimony that is best left to the jury's assessment. *See Milward*, 639 F.3d at 14; *Packgen v. Berry Plastics Corp.*, 46 F. Supp. 3d 92, 109-117 (D. Me. 2014) (Argument that accountant misapplied statistics in his proposed expert testimony went to weight of testimony); *Carmichael v. Verso Paper, LLC*, 679 F. Supp. 2d 109, 119 (D. Me. 2010) (When the "adequacy of the foundation for the expert testimony is at issue, the law favors vigorous cross-examination over exclusion"). Similarly, whether Mr. Martí's opinions offer legal conclusions is a matter the Court will address upon opposing counsel's appropriate objection during trial. *See Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) ("It is black-letter law that 'it is not for witnesses to instruct the jury as to applicable principles of law, but for the judge'") (quoting *United States v. Newman*, 49 F.3d 1, 7 (1st Cir. 1995)).

In short, the Court concludes that "the expert is qualified to give the opinions he has rendered, that his opinions are likely to be helpful to the jury, and that [Plaintiffs'] other objections do not justify exclusion. Instead, [Plaintiffs are] free to test the expert's qualifications, his knowledge of the facts in the case, and his opinions at the crucible of cross-examination, by the introduction of contrary evidence, and through careful attention to proper jury instructions." *FERC v. Silkman*, No. 1:16-cv-00205-JAW, 2019 U.S. Dist. LEXIS 208135, at *1-2 (D. Me. Dec. 2, 2019).

## V. CONCLUSION

The Court DISMISSES without prejudice Plaintiffs' Motion in Limine to Exclude the Expert Testimony of Engineer José Martí under Federal Rule of Evidence 702 (ECF No. 243).

7

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2026